## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| NICHOLAS R. CORBIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 3:06-CV-355 PS |
| | ) | |
| EDWARD BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>OPINION AND ORDER</u>

Nicholas R. Corbin, a *pro se* prisoner, filed this habeas corpus petition challenging his 180-day loss of good time credit as a result of being found guilty on April 3, 2006 by the Disciplinary Hearing Board (DHB) at the Indiana State Prison.  Mr. Corbin was found guilty of Aiding in Battery that Resulted in Injury in violation of A-111.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is obligated to review the petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." *Id.*  This rule provides the Court with a gatekeeping responsibility to sift through habeas petitions and dismiss those petitions which obviously lack merit.  This is one of those cases.

Mr. Corbin presents five grounds for his claim. First, he argues that the Conduct Report supports the charge of Battery rather than merely Aiding a Battery. Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including advance written notice of the charges. *Wolff v. McDonnell*, 418 U.S. 539 (1974).  But,

> . . . *Wolff v. McDonnell* does not require the infraction notice to specify whether
> the offense charged was serious or minor. Here, the charge was possession of the

> Valium, and while the change from a Rule 24 charge to a Rule 3 charge raised the
> potential penalties, the factual basis for both was possession of the same Valium
> at the same time. It is evident that the conduct violation report gave Holt all of the
> information he needed to make his defense.

*Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir. 1992). Therefore, *Wolff* does not require citation

to a particular rule or code section. Rather, it merely requires notice of sufficient facts to inform

the accused of the behavior with which he is charged. Here, Mr. Corbin was placed on

investigation for aiding in a battery on February 20, 2006, and the investigation report states that

he blocked or attempted to block the view of the security camera. Although the Conduct Report

goes further and charges him with the battery itself, he did not lack advance notice of sufficient

facts to inform him of the behavior with which he was charged. Therefore, he was not denied

due process because he was charged with battery and only found guilty of aiding a battery.

Second, Mr. Corbin argues that the DHB's interpretation of the video evidence is

erroneous. According to Corbin, the video reveals that he was standing outside cell 213, and the

victim was in cell 212. Thus, he claims that the DHB's interpretation of the video is incorrect.

He argues that by standing outside cell 213 he could not have blocked the camera view of cell

212. "The Federal Constitution does not require evidence that logically precludes any

conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445,

457 (1985). Nevertheless, standing in front of cell 213 does not make unreasonable an

interpretation that Mr. Corbin was also standing outside of cell 212. Neither do his arguments

that he was unsuccessful in blocking the camera or that he was not on the range when the victim

was found make unreasonable the interpretation that he was attempting to aid the battery. In

essence, Mr. Corbin is really arguing that the evidence should be re-weighed in a light more

favorable to his defense, but as more fully discussed later in this opinion, that is not permitted in a habeas corpus proceeding.

Third, Mr. Corbin argues that the DHB violated the rules of the Adult Disciplinary Policy Handbook when edits to the Conduct Report were not initialed by the person making those changes. Habeas corpus relief is only available for the violation of a federal right. 28 U.S.C. § 2254(a). Although *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged, it does not require that edits to such notice be initialed. This Court cannot grant habeas corpus relief based on the violation of a prison rule. Therefore, in this proceeding, it is not relevant whether such a rule was violated. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

Fourth, Mr. Corbin argues that there was insufficient evidence to find him guilty. He argues that he was found guilty based on opinions and beliefs rather than evidence presented at the hearing.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Here, Mr. Corbin was seen standing outside of the cell of the victim around the time of the attack and before the victim

3

was found.  Although hardly conclusive proof, this is "some evidence" that Mr. Corbin was a party to the assault and was attempting to aid the battery on the victim.  The DHB decision had a factual basis; it was not merely an opinion or belief.

Finally, Mr. Corbin argues that the Conduct Report was written because he refused to talk to the investigator.

> [P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.

*McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999).  Once the prisoner has been afforded those protections, the role of the reviewing court is limited to determining whether there was sufficient evidence to support the committee's decision.  *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987).  Thus, it is not relevant what motivated the officer to write the conduct report because, as previously discussed, there is some evidence to support the DHB's finding of guilt in this case.

For the foregoing reasons, the habeas corpus petition is **DISMISSED**, and Respondent is **DISCHARGED** from any obligation to respond to this Court's order to show cause.

Respondent's Second Motion for Enlargement of Time [DE 9] is **DENIED AS MOOT**.

**SO ORDERED.**

ENTERED: November 1, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT